IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

ALLSTATE SETTLEMENT CORPORATION , ET AL.

VS.                                                          CIVIL ACTION NO. 2:09CV153–DAS

LINDA HUIE, ET AL.

**ORDER**

This matter is before the court on motion of the cross-defendant, Linda J. Huie, to set aside the default (# 23) entered by the clerk on December 2, 2009. After considering the matter, the court finds as follows:

Under Rules 55(c) and 60(b) of the Federal Rules of Civil Procedure, a district court may set aside an entry of default or default judgment for "good cause." While good cause is difficult to define, it is clear that courts have applied a more lenient standard when asked to set aside a clerk's entry of default rather than a judgment of default. *See, e.g., Johnson v. Dayton Elec. Mfg. Co.,* 140 F.3d 781, 783-84 (8th Cir. 1998); *EEOC v. Mike Smith Pontiac GMC, Inc.,* 896 F.2d 524, 528 (11th Cir. 1990). The present motion is to set aside a default entered by the clerk of the court. To determine whether good cause exists – a decision necessarily informed by equitable principles – courts have considered three factors: whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented. *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2001). In considering these three factors, the court is cognizant of the seriousness of default. The Fifth Circuit has held that "federal courts should not be agnostic with respect to the entry of default judgments, which are 'generally disfavored by the law' and thus 'should not be granted on the claim, without more, that the

1

defendant had failed to meet a procedural time requirement.'" *Lacy*, 227 F.3d at 291-92 (quoting *Mason & Hanger – Silas Mason Co. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984)).

After considering the factors listed in *Lacy,* the court finds that the present motion to set aside the default should be granted. First, there is no evidence to indicate that the cross-defendant's default was willful; in fact, there is evidence to the contrary. Defense counsel has appeared in the present action and clearly been working diligently representing his client.

Next, the court looks to determine whether the respondent will be prejudiced by granting the present motion. The court entered its scheduling order in the present action barely one month ago. There is clearly enough time for all parties to prepare their respective positions with a discovery deadline still almost six months away.

The third factor for the court to consider is whether a meritorious defense has been presented. The cross-defendant in this case presents a defense of undue influence to the cross-claim at issue. While the court has no opinion as to whether the cross-defendant will prevail, of course, the defense is clearly not frivolous, and thus, the third factor weighs in favor of the movant. Accordingly, the court finds the cross-defendant's motion to set aside the default should be granted.

IT IS, THEREFORE, ORDERED that the cross-defendant's motion to set aside the default (# 23) is hereby GRANTED.

SO ORDERED, this the 28th day of January 2010.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE