IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

ALLSTATE SETTLEMENT CORPORATION and
ALLSTATE LIFE INSURANCE COMPANY

VS.                                                          CIVIL ACTION NO. 2:09CV153-DAS

LINDA J. HUIE, PAMELA HACKER, and
CAROLYN M. COOKE, as Trustee of the
Nichole H. Myers Trust

## ORDER DENYING SUMMARY JUDGMENT

This matter is before the court on motion of the defendants, Pamela Hacker and Carolyn M. Cooke, for summary judgment (# 60). Also before the court is a motion for summary judgment filed by the defendant, Linda Huie (# 63). After considering the motions and the responses thereto, the court finds as follows:

## PROCEDURAL HISTORY

On August 25, 2009, Allstate Settlement Corporation and Allstate Life Insurance Company filed the present action for interpleader. The case concerns annuity benefits following the death of the primary beneficiary, Nichole H. Myers. At present, the secondary beneficiary named is Pamela Hacker, but Linda Huie argues that Hacker exerted undue influence on Myers, causing her to replace Huie as the secondary beneficiary with Hacker. After Allstate initiated the action, Hacker and Cooke[1] filed a cross-claim against Huie, and Huie filed a cross-claim against Hacker. Both cross-defendants have now filed motions for summary judgment.

---

[1]Carolyn M. Cooke is named as the trustee for the Nichole H. Myers Trust. Cooke was an employee of Christian Goeldner, the attorney who drafted the final version of the trust at issue, naming Hacker as the secondary beneficiary of the annuity.

1

## I. FACTS

While the court does not see the need for an exhaustive explanation of the facts surrounding the present motion, a brief explanation may be helpful. In 1989 Nichole Myers was injured in a car accident and rendered a quadriplegic. Subsequently, Allstate agreed to fund an annuity that would pay Myers $1,425.00 per month for the rest of her life or for the next twenty years, whichever was longer. Myers initially named her mother, Linda Huie, as the secondary beneficiary of these proceeds should she die before twenty years passed. For several years, Huie was the primary caretaker of her daughter. However once Myers graduated law school, Hacker began caring for Myers and the two moved to Batesville, Mississippi. Shortly before her death Myers had the secondary beneficiary of the annuity changed from Huie to Hacker. It is undisputed that Hacker assisted Myers – at least in part – with the creation of the document that changed the beneficiary.

## II. DISCUSSION

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of demonstrating that there are no genuine issues of material fact in dispute. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court "view[s] the evidence in the light most favorable to the nonmovant, drawing all reasonable inferences in the nonmovant's favor." *Riverwood Int'l Corp. v. Employers Ins. of Wausau*, 420 F.3d 378, 382 (5th Cir. 2005).

### HACKER/COOKE

With their motion, Hacker and Cooke argue they are entitled to summary judgment because Huie entered the court with "unclean hands." Citing a long line of cases detailing the doctrine of unclean hands, Hacker and Cooke argue that Huie's cross-claim against them must fail. According

2

to the movants, Huie's actions satisfied the three-prong test necessary to satisfy the definition of unclean hands. That is, they allege Huie engaged in (1) misconduct, (2) committed in connected events, and (3) of the same gravity. *See, e.g., Pierce v. Heritage Properties, Inc.*, 688 So. 2d 1385 (Miss. 1997).

In response, Huie first argues she does not seek a remedy in equity, and thus, the doctrine of unclean hands does not apply. She also argues that her actions were not inappropriate and thus her hands are clean. For example, the movants refer to $80,000 of Myers' money used by Huie constructing her home. Huie responds that Myers gave her this money out of gratitude for the care Huie provided. Whether this is accurate may be in dispute, but certainly, it would be an issue of fact. The movants also point to $67,704.37 belonging to Myers they contend Huie placed into an account bearing her name. Huie responds that the money went into a "sub account," which was in her name, but this was nothing more than a function of the bank's internal arrangements, and the funds were used for the benefit of Myers. Again, whether this is accurate has not yet been determined, but if it is an issue, it is clearly an issue for the factfinder.

Accordingly, because the arguments made by the movants refer to genuine issues of material fact, summary judgment is not appropriate.

### **HUIE**

With her motion, Linda Huie argues she is entitled to summary judgment because Pam Hacker unduly influenced Nichole Myers to remove Huie as the secondary beneficiary to the annuity and substitute Hacker. The law surrounding the doctrine of undue influence is clear. A presumption of undue influence arises when: (1) a confidential relationship existed between the testator and the beneficiary; and (2) the beneficiary was actively involved in some way with preparing or executing the document. *See Estate of Rutland v. Rutland* 24 F.3d 347, 353-54 (Miss.

3

Ct. App. 2009). A confidential relationship is "a relationship between two people in which one person is in a position to exercise dominant influence upon the other because of the latter's dependency on the former arising from weakness of mind or body, or through trust." *In re Estate of Reid*, 825 So. 2d 1, 5 (Miss. 2002).

In the present action, the court need not address whether a confidential relationship existed because the second factor is determinative. The movant contends that Hacker was actively involved in some way with preparing or executing the document that substituted Hacker for Huie as the secondary beneficiary of the annuity. After examining the record and attachments to the various motions, the court finds a genuine issue of material fact exists as to this issue. Specifically, the court notes that while Huie contends Hacker wrote the document in her own hand, Jena Hannah's affidavit calls such a statement into question. Even assuming Hacker drafted some version of the document, Hannah's affidavit makes clear that Myers herself dictated a draft to her as well. Consequently, the court finds whether a presumption exists – and indeed whether there was undue influence at all – should be left to the trier of fact.

Accordingly, Linda Huie's motion for summary judgment is not well taken.

IT IS, THEREFORE, ORDERED that the motion of the defendants, Pamela Hacker and Carolyn M. Cooke, for summary judgment (# 60) is hereby DENIED.

IT IS FURTHER ORDERED that the motion of the defendant, Linda Huie, for summary judgment (# 63) is hereby DENIED.

SO ORDERED, this the 18th day of August, 2010.

/s/ David A. Sanders  
UNITED STATES MAGISTRATE JUDGE